FILED

OCT 2 4 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES HALLMARK and JUDY HALLMARK, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | **SA07CA0868OG** |
| OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, ROSAMUNDA FINDIESEN, SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, ("Ocwen"), and Deutsche Bank National Trust Company f/k/a Bankers Trust Company, as Trustee for the Registered Holders of the Residential Mortgage Loan Trust 98-1 Certificates ("Deutsche Bank") respectfully notify the Court pursuant to 28 U.S.C. § 1441 that they have this day removed this action from the 25th Judicial District Court of Guadalupe County, Texas, to this Court. In support of their removal, Ocwen and Deutsche Bank submit this notice. Removal is based on the grounds that diversity jurisdiction exists over this action because there is

NOTICE OF REMOVAL – Page 1

complete diversity between Plaintiffs and all relevant defendants and the amount in controversy exceeds $75,000. Removal is also based on the grounds that federal question jurisdiction exists over this action because it involves claims that necessitate the resolution of substantial, disputed questions of federal law.

## BACKGROUND

1.      This action was originally filed as Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas on September 4, 2007. A certified copy of the Docket Sheet from Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas is attached hereto as Exhibit A. True and correct copies of all pleadings filed in the state court are attached hereto as Exhibits B-1 through B-3.

2.      Ocwen was served on October 2, 2007. Baxter & Schwartz, P.C. was served on October 1, 2007. Rosamunda Findeisen has not been served, but answered on October 18, 2007. Deutsche Bank has not yet been served. This removal is therefore timely because it has been filed within 30 days of service as required by 28 U.S.C. § 1446(b).

3.      All defendants that have been served consent to removal of this action to federal court. (*See* Baxter & Schwartz, P.C. Notice of Citizenship and Consent to Removal (attached at Exh. C and Rosamunda Findeisen Consent to Removal attached at Exh. D.)

4.      Plaintiffs' complaint alleges a variety of claims relating to Ocwen's servicing of and eventual foreclosure on Plaintiffs' mortgage loans. (*See, e.g.*, Compl. ¶¶ 16-19.) This action is removable to federal court pursuant to 28 U.S.C. § 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. § 1332 and the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

### DIVERSITY JURISDICTION

5.     Federal diversity jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1332 because all relevant parties are diverse and the amount in controversy exceeds $75,000.

## THERE IS COMPLETE DIVERSITY AMONG ALL PARTIES

6.     There is diversity of citizenship among all relevant parties.  Plaintiffs James Hallmark and Judy Hallmark are citizens of Texas. (*See* Compl. ¶ 2.)

7.     Ocwen is a citizen of Florida.  As of June 30, 2005, Ocwen Federal Bank FSB voluntarily dissolved, and its mortgage servicing business was transferred to Ocwen Loan Servicing, LLC.  (*See* Declaration of Chomie Neil ("Neil Decl.") ¶ 2 (attached at Exh. D).) Ocwen Loan Servicing, LLC is a limited liability company.  For diversity purposes, "several district courts within the Fifth Circuit have determined the citizenship of a limited liability company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex., L.P.* 368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the majority of federal appellate courts determine citizenship of limited liability companies in the same manner); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The sole member of Ocwen Loan Servicing, LLC is Ocwen Financial Corporation, which is a citizen of Florida. (*See* Neil Decl. ¶ 3.)

8.     Deutsche Bank is a national banking association incorporated under the laws of the United States. Deutsche Bank's principal place of business, as designated in its articles of association, is located in California.  National banking associations are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  "[T]he definition of 'located' is limited to the national bank's principal place of business and the state listed in its organization

certificate and its articles of association." *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Deutsche Bank is therefore a citizen of California for purposes of diversity jurisdiction.

9.      While defendants Rosamunda Findeisen and Baxter & Schwartz, P.C. (collectively "the Substitute Trustees") are citizens of Texas, their citizenship is not relevant for purposes of assessing diversity because the complaint reveals that Plaintiffs' claims against the Substitute Trustees are based solely on their status as agents for Ocwen and because they have been fraudulently joined in this action.

10.     In the complaint, Plaintiffs allege that Rosamunda Findeisen and Baxter & Schwartz, P.C. acted as substitute trustees in connection with the foreclosure sale of Plaintiffs' home. (Compl. ¶ 8.) [1]

11.     "[I]t is commonly understood that attorneys are agents of their clients," *see Martin v. State*, 1999 Tex. App. LEXIS 1354 (Tex. App. Feb. 26, 1999), and foreclosure trustees are also regarded as agents. *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. 1996).

12.     Plaintiffs acknowledge that the citizenship of persons sued in their capacity as agents for a disclosed principal is disregarded for purposes of assessing diversity of citizenship. (*See* Compl. ¶ 8.) Courts have held that where both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794, 796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent … must be

---

[1]      In a case involving similar claims against Ocwen filed and prosecuted by the same counsel, plaintiff included the foreclosure substitute trustees among the defendants. *Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). At trial, however, it became clear that the plaintiff did not actually intend to seek relief against the substitute trustees. (*See* Trial Transcript at 61 (attached at Exh. E) ("Mr. Hilliard … just told you that my clients [the substitute trustees] did nothing in this case. I'm not about to argue with that.")

ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect); *Ross v. First Family Finance Serv., Inc.*, 2002 U.S. Dist. LEXIS, at *10-11 (N.D. Miss. Aug. 26, 2002) (same).

13.     In an effort to avoid diversity jurisdiction, Plaintiffs have attempted to obscure the status of the Texas substitute trustee defendants by alleging that they "are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure." (*See* Compl. ¶ 8.) Yet, by definition, a trustee *is* an agent, holding property "in trust *for the benefit of another*." Black's Law Dictionary (8th ed. 2004) (emphasis added). Merely injecting the term "individual capacity" into the complaint does not eliminate the agency relationship that exists as a matter of law between the substitute trustee defendants and Ocwen. Because the Substitute Trustee defendants are inescapably and by operation of law the agents of Ocwen, and have no other legal connection to Plaintiffs' mortgage loan whatever, the citizenship of the Substitute Trustee defendants is irrelevant for purposes of assessing diversity jurisdiction.

14.     Removal is also proper on the independent ground that the Substitute Trustees are improperly joined and their citizenship should be disregarded for diversity purposes. Texas law provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures. *See* Tex. Property Code Ann. § 51.007(a) (2005). Again, Plaintiffs have attempted to avoid diversity jurisdiction by alleging that the Substitute Trustees had an "independent duty … to act with complete impartiality with regard to any foreclosure." (Compl. ¶ 8.) Plaintiffs argue that the existence of such a duty provides a basis for liability against the Substitute Trustees. (*Id.*) However, that contention is belied by Plaintiffs' complaint, which

asserts no claim to which the duty of impartiality or breach thereof could be relevant. Because it is plain that the allegations relating to the Substitute Trustees asserted in Plaintiffs' complaint do not support a cause of action against them, the Substitute Trustees have been improperly joined and their citizenship must be disregarded. *Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005); *cf. Crockett v. R. J. Reynolds Tobacco Co.*, 2006 U.S. App. LEXIS 1390 *7-9 (5th Cir. Jan. 13, 2006).

15.     There is complete diversity between the Plaintiffs and all relevant defendants in this matter. Plaintiffs are citizens of Texas. Ocwen is a citizen of Florida and Deutsche Bank is a citizen of California. Because the citizenship of Rosamunda Findeisen and Baxter & Schwartz, P.C. must be disregarded for jurisdictional purposes, there is complete diversity among the relevant parties. *See* 28 U.S.C. § 1332(a)(1).

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

16.     Plaintiffs' complaint also meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

17.     In the complaint, Plaintiffs assert nine causes of action against the defendants, including intentional tort claims for intentional infliction of emotional distress and violations of Texas debt collection laws. (*See* Compl. Counts A-I.) They contend, among other things, that Ocwen wrongfully instituted foreclosure proceedings against them; demanded more than was actually due to avoid foreclosure; failed to accept payments and pretended that lack of payment was a default; and harassed them concerning payment of sums they did not owe. (*See* Compl. ¶¶ 21, 24, 31.) For these alleged wrongs (which Ocwen emphatically denies), Plaintiffs seek an unlimited amount of compensatory and punitive damages.

18.     Where, as here, a plaintiff seeks recovery of an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met if "it is facially apparent" from the complaint that the plaintiff's claims "are likely" to exceed $75,000, exclusive of interest and costs. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The determination of whether jurisdiction is "facially apparent" is "left in part to the court's intuition and common sense." *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593, 595 (E.D. Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use "summary judgment-type evidence" to establish that the amount in controversy exceeds $75,000. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Jury verdicts in similar cases constitute competent evidence that the jurisdictional amount requirement has been met. *See, e.g., Amos v. Citifinancial, Inc.*, 243 F. Supp. 2d 587, 590-91 (N.D. Miss. 2003) (denying motion to remand and noting that "cases involving consumer loan disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions").

19.     While Plaintiffs' complaint does not specify an amount of requested damages, it nonetheless is facially apparent that the damages claimed exceed the $75,000 jurisdictional threshold. In a case involving similar claims against Ocwen recently tried to verdict, the total jury award (even after application of statutory damages caps) exceeded $1 million. *See Davis v. Ocwen Federal Bank FSB*, et al., No. 04-CV-1469 (District Court of Galveston County, Texas). For jurisdictional purposes, the amount in controversy includes punitive damages. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998). Other jury verdicts in Texas relating to consumer loan disputes have resulted in punitive damages awards far exceeding

the jurisdictional minimum. *See, e.g., Garcia v. W.M.C. Mortgage Co.,* No. 2000-CI-90121, 73rd District of Bexar County, Texas (jury awarded $460,000 in punitive damages for violations of the Deceptive Trade Practices Act and the Truth in Lending Act relating to plaintiff's home mortgage loan); *Home Loan Corp. v. Thompson,* No. 2001-46491, 215th Judicial District, Harris County, Texas (jury awarded $550,000 in punitive damages for fraud and contract claims relating to plaintiff's home mortgage loan); *Moreno v. Kleberg First National Bank of Kingsville,* 105th District of Kleberg County, Texas (jury verdict included $2 million in punitive damages against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan); *Brown v. Spencer Mortgage & Investments,* No. DV-99-02185-C, 68th Judicial District of Dallas County, Texas (bench trial award of $343,332 for mental anguish for fraud claims relating to refinance and wrongful foreclosure of plaintiff's home). Ocwen categorically denies that Plaintiffs are entitled to an award of damages in any amount whatever, but there can be no question that Plaintiffs' complaint places an amount in controversy that significantly exceeds $75,000.

20.     In addition to damages, Plaintiffs claim a statutory entitlement to attorneys' fees. (Compl. ¶ 45.) Attorneys' fees claimed under a statutory provision are included as part of the amount in controversy. *See Graham v. Henegar,* 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933)). In Plaintiffs' counsel's recent similar case against Ocwen, counsel argued for an award of attorney's fees totaling $2,760,525, and the jury returned a verdict that included attorneys' fees in the hundreds of thousands of dollars. *Davis v. Ocwen Federal Bank FSB,* et al., No. 04-CV-1469 (District Court of Galveston County, Texas). Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville,* 105th District of

Kleberg County, Texas (jury verdict included $570,000 in attorneys' fees against bank for fraud claims and threats of foreclosure relating to plaintiff's home mortgage loan). Given the complexity of Plaintiffs' allegations, the likelihood of significant motion practice (including motions to dismiss, summary judgment motions, and others), and the presence of multiple defendants, Plaintiffs' attorneys' fee claim alone places in controversy an amount that exceeds $75,000. For this independent reason, it is facially apparent from the complaint that Plaintiffs' claims exceed the jurisdictional threshold.

### FEDERAL QUESTION JURISDICTION

21.     Federal question jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law.

22.     Even where a particular claim does not arise directly under federal law and is not completely preempted, it is removable to federal court if it depends on the resolution of substantial predicate questions of federal law. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 125 S. Ct. 2363, 2367 (2005). Federal question jurisdiction exists because Plaintiffs' claims depend on the determination of Plaintiffs' rights and defendants' duties, if any, under federal law.

23.     Plaintiffs allege that the Ocwen defendants "fail[ed] to provide Plaintiffs timely and clear information about the timing and amount of payments owed." (Compl. ¶ 21(b).) The duty of creditors to disclose the "number, amount, and due dates or period of payments scheduled to repay the total of payments" is created by the federal Truth-in-Lending Act ("TILA"). *See* 15 U.S.C. § 1638(a). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of the defendants' duty, if any, under TILA. *See Gandy v.*

*The Peoples Bank and Trust Co.*, 1998 U.S. Dist. LEXIS 11410, at *11 (S.D. Miss. 1998) (denying remand because "to vindicate plaintiff's putative state law claims, this court must necessarily construe the TILA"); *see also In re Ocwen Federal Bank Mort. Serv. Litig*, 1:02cv06818, slip op. at 2 (N.D. Ill. Aug 22, 2005) (denying remand because allegations that Ocwen failed to disclose fees raised substantial federal question regarding the scope of its disclosure duties under TILA).

24. In the complaint, Plaintiffs allege that Ocwen "demand[ed] more than is actually due to avoid foreclosure." (Compl. ¶ 21(g).) The duty not to falsely represent the "the character, amount, or legal status of any debt" is created by the federal Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692e(2). Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under FDCPA.

25. Plaintiffs allege that Ocwen failed to "verify the debt on the request of Plaintiffs;" provided "inconsistent accounting information on the amount of the debt;" and "generally fail[ed] to cooperate in allowing Plaintiffs to refinance or sell their home." (Compl. ¶ 33.) The federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*., creates a "[d]uty of [a] loan servicer to respond to borrower inquiries." 12 U.S.C. § 2605(e). Under RESPA, after receipt of a borrower's inquiry, the loan servicer is required to provide a written explanation or clarification of the information requested. *See id*. Plaintiffs' claim that this duty was breached thus depends on the existence, scope, and breach of defendants' duties, if any, under RESPA.

26. In these and other respects, the claims asserted in Plaintiffs' complaint necessitate the resolution of substantial, disputed questions of federal law sufficient to confer federal subject-matter jurisdiction on this Court.

27.    Plaintiffs' putative disclaimer of "rights and causes of action under any federal law" cannot affect the removability of this action because, as federal courts have consistently held, even causes of action pled entirely under state law are removable if the right to relief under state law will necessarily involve the resolution of a substantial question of federal law. *E.g. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding jurisdiction under substantial federal question doctrine based on "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law").

### VENUE

28.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the District Court of Guadalupe County, Texas, the forum in which the removed action was pending.

### NOTICE

29.    Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal in Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas.

30.    The contents of Exhibit B constitute the entire file of Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas.

Respectfully submitted,

By: _Mark D. Cronenwett_
w/ perm.
by us

**MARK D. CRONENWETT**
Texas Bar No. 00787303
Lead Attorney
Admitted in the Western District

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

    **LINDSAY L. STANSBERRY**
    Texas Bar No. 24041968
    Admitted in the Western District

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC, SUCCESSOR
IN INTEREST TO OCWEN FEDERAL BANK
FSB, AND DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Notice of Removal was served by certified mail, return receipt requested, on this the 23rd day of October 2007 on the following:

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057

Don Schwartz
SCHWARTZ & KALINOWSKI, LLP
1821 Mons Avenue
Rosenberg, TX 77471

_____
**LINDSAY L. STANSBERRY**

### List of All Known Counsel of Record

<u>For Plaintiffs James Hallmark and Judy Hallmark</u>

William H. Oliver, Esq.
Pipkin, Oliver & Bradley, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
210.820.0082 (Phone)
210.820.0077 (Fax)

Robert C. Hilliard, Esq.
Hilliard & Munoz, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
361.882.1612 (Phone)
361.882.3015 (Fax)

Edward M. Carstarphen, Esq.
Ellis, Carstarphen, Dougherty & Coldenthal, P.C.
5847 San Felipe, Suite 1900
Houston, Texas 77057
713.647.6800 (Phone)
713.647.6884 (Fax)


<u>For Defendants Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank FSB
("Ocwen") and Deutsche Bank National Trust Company, as Trustee</u>

Mark D. Cronenwett,
Lead Attorney
COWLES & THOMPSON, PC
901 Main St., Suite 4000
Dallas, TX 75202
214.672.2000 (Phone)
214.672.2020 (Fax)

Lindsay L. Stansberry
COWLES & THOMPSON, PC
1202 First Place
Tyler, TX 75702
903.596.9000 (Phone)
903.596.9005 (Fax)

For Defendant Baxter & Schwartz, P.C.

Don Schwartz
SCHWARTZ & KALINOWSKI, LLP
1821 Mons Avenue
Rosenberg, TX   77471
281.342.2806 (Phone)
281.342.2807 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A — Certified Copy of the Docket Sheet for Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas;

Exhibit B — Pleadings in Cause No. 07-1602-cv in the 25th Judicial District Court of Guadalupe County, Texas;

    B-1 — Plaintiffs' Original Petition and Request for Disclosure, filed September 4, 2007;

    B-2 — Special Exceptions and Original Answer of Ocwen Loan Servicing, LLC, Successor in Interest to Ocwen Federal Bank, FSB, Deutsche Bank National Trust Company, as Trustee, filed October 9, 2007;

    B-3 — Defendants Rosamunda Findeisen, Christopher K. Baxter [sic], and Baxter & Schwartz, P.C.'s Special Exceptions and Original Answer, filed October 18, 2007;

Exhibit C — Baxter & Schwartz, P.C. Notice of Citizenship and Consent to Removal;

Exhibit D — Rosamunda Findeisen, Substitute Trustee Consent to Removal;

Exhibit E — Declaration of Chomie Neil; and

Exhibit F — Trial Transcript excerpt, Cause No. 04CV1469 in the 212th Judicial District Court for Galveston County, Texas.