# EXHIBIT A

Case 5:07-cv-00868-LG Document 31-2 Filed 12/12/2007 Page 2 of 33

```
                              C I V I L   D O C K E T
                                 25TH District Court

Guadalupe County                                          The Software Group, Inc.
Case No. 07-1602-CV                                       September 6th, 2007   3:48pm
===============================================================================================
JAMES HALLMARK AND JUDY HALLMARK VS. OCWEN LOAN SERVICING, LLC, AS  |  Filed : 09/04/2007
SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, DEUTSCHE BANK NATIONAL  |  Status: Filed
TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE RESIDENTIAL  |  Type: Other Civil Law
MORTGAGE LOAN TRUST 98-1 CERTIFICATES, UNKNOWN HOLDERS AND/OR OWNERS OF  |
RESIDUAL INTEREST IN                                               |  Judge
                                                                   |    DWIGHT E. PESCHEL
                                                                   |
                                                                   |  Court Reporter
                                                                   |    PAULA MILLER
===============================================================================================
 Date  |                                                        |  Volume  |  Page
===============================================================================================
       |
       |                  Events & Orders of the Court          |          |
       |                                                        |          |
09/04/07  |  DOCKET SHEET                                       |          |
09/04/07  |  PLAINTIFF'S ORIGINAL PETITION                      |          |
          |  AND REQUEST FOR DISCLOSURE                         |          |
```



I, DEBRA CROW, Clerk of the District Courts, in and for Guadalupe County, Texas, do hereby certify that the above and forgoing is a true and correct copy of the original now on file. Given under my hand and seal of said Court at office in Seguin, Guadalupe County, Texas on the ___ day of _____ 20__

DEBRA CROW, District Clerk, Guadalupe County, Texas

By _____ Deputy

# EXHIBIT B-1

CAUSE NO. 07-1602-CV

| | | |
|---|---|---|
| JAMES HALLMARK and | § | IN THE DISTRICT COURT |
| JUDY HALLMARK, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, AS | § | |
| SUCCESSOR BY MERGER WITH | § | |
| OCWEN FEDERAL BANK, FSB, | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | OF GUADALUPE COUNTY, TEXAS |
| COMPANY, AS TRUSTEE FOR THE | § | |
| REGISTERED HOLDERS OF THE | § | |
| RESIDENTIAL MORTGAGE LOAN | § | |
| TRUST 98-1 CERTIFICATES, | § | |
| UNKNOWN HOLDERS AND/OR | § | F I L E D |
| OWNERS OF RESIDUAL INTEREST IN | § | 3:00 P M |
| SECURITIZATION OF THE | § | |
| RESIDENTIAL MORTGAGE LOAN | § | SEP 0 4 2007 |
| TRUST 98-1 CERTIFICATES, | § | |
| ROSAMUNDA FINDEISEN, | § | DEBRA CROW |
| SUBSTITUTE TRUSTEE, and BAXTER | § | Clerk, Dist. Court, Guadalupe Co. Tx. |
| & SCHWARTZ, P.C., | § | By_____Deputy |
| Defendants. | § | 25th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, James Hallmark and Judy Hallmark (herein referred to as "Plaintiffs"),

Plaintiffs herein, and file this, their Original Petition complaining of OCWEN LOAN SERVICING,

LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, DEUTSCHE

BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF

THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, UNKNOWN

HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE

RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES, ROSAMUNDA

FINDEISEN, SUBSTITUTE TRUSTEE, and BAXTER & SCHWARTZ, P.C. (hereinafter collectively referred to as "Defendants") and would show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.     The nature of this cause is such that discovery should be conducted under Discovery Control Plan – Level 2, pursuant to Tex.R.Civ.P. 190.2.

## II.
## PARTIES

2.     Plaintiffs James Hallmark and Judy Hallmark are individuals who reside in Guadalupe County, Texas.

3.      Defendant OCWEN LOAN SERVICING, LLC, AS SUCCESSOR BY MERGER WITH OCWEN FEDERAL BANK, FSB, (Ocwen Loan Servicing, LLC, as Successor by Merger with Ocwen Federal Bank, FSB, is referred to herein as "Ocwen") is, upon information and belief, a Delaware limited liability company. Ocwen Loan Servicing, LLC's principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen Loan Servicing, LLC may be served with process in this lawsuit by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.      Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES ("Deutsche Bank"), is a foreign corporate fiduciary, with its principal place of business located at 60 Wall Street, New York, NY, 10005. It may be served with process in this lawsuit by serving its registered agent, CT Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

---

5.     Defendants UNKNOWN HOLDERS AND/OR OWNERS OF RESIDUAL INTEREST IN SECURITIZATION OF THE RESIDENTIAL MORTGAGE LOAN TRUST 98-1 CERTIFICATES ("Unknown Holders") are, upon information and belief, those individuals and/or entities that own or hold the residual interest in the securitization of the mortgage loans that include the mortgage loan of Plaintiffs. The current identity and location of these individuals and/or entities are presently unknown; however, Plaintiffs expect this information to be disclosed during discovery.

6.     Defendant ROSAMUNDA FINDEISEN is, upon information and belief, a Texas resident who may be served with citation in this action by serving her at her place of employment, Baxter & Schwartz, P.C., 5450 NW Central, Suite 307, Houston, Texas 77092, or wherever else she may be found.

7.     Defendant BAXTER & SCHWARTZ, P.C. is a law firm and professional corporation duly existing under the laws of the State of Texas, with its principal place of business located at 5450 NW Central, Suite 307, Houston, Texas 77092. Defendant Baxter & Schwartz, P.C. can be served with citation by serving its registered agent and president, Christopher K. Baxter, at 5450 NW Central, Suite 307, Houston, Texas 77092.

### III.
### No Diversity Jurisdiction

8.     Defendants Rosamunda Findeisen and Baxter & Schwartz, P.C. are not sued solely in their capacity as agents of Ocwen, but, rather, are also sued in their individual, rather than representative, capacities as substitute trustees with regard to the wrongful foreclosure of Plaintiffs' home. Because of the independent duty of substitute trustees to act with complete impartiality with regard to any foreclosure, any claims against such Defendants provide an independent basis of liability against them that is separate and distinct from any liability arising from their status as agents

---

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**                                              **PAGE 3**

of Ocwen. The Texas residence of these independently culpable substitute trustee Defendants therefore precludes any attempted removal of this case to federal court based upon alleged diversity jurisdiction.

### No Federal Subject Matter Jurisdiction

9.     Plaintiffs expressly disclaim any rights and causes of action under any federal law, choosing instead to base all claims and causes of action entirely on the common law and statutes of the State of Texas.

### No Claims Related to Claims in Multi-District Litigation; No Class Actions

10.     Plaintiffs do not assert that any fees, charges, insurance placements, notices, or forbearance agreements are, in and of themselves, illegal. Plaintiffs' suit does not seek to alter or supplement the federal regulatory scheme applicable to Defendants. Instead, Plaintiffs claim that, with regard to them, Defendants acted with wrongful and evil intent to accomplish a wrongful foreclosure. The claims in this suit are therefore based only on the common law and statutes of the State of Texas as applied to the facts of this particular Plaintiffs' case.

### Jurisdiction and Venue

11.     This Court has jurisdiction over Defendants Ocwen and Deutsche Bank by virtue of the fact that they own property in the State of Texas, and/or do business in the State of Texas, including owning and servicing of loans, which necessarily involves contracting with Texas residents by mail or otherwise when at least one of the parties is to perform the contract in Texas. Further, Ocwen and Deutsche Bank have committed the torts as set forth herein below in whole or in part in Texas.

12.     Defendant Rosamunda Findeisen is a resident of the State of Texas and, therefore, subject to personal jurisdiction. Defendant Baxter & Schwartz, P.C. is a law firm existing under the

---

laws of the State of Texas, with its headquarters in Texas and does business in Texas, and is therefore subject to personal jurisdiction.

13.     Venue is mandatory in Guadalupe County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.011 as the suit involves recovery of real property and removal of encumbrances on real property located in Guadalupe County, Texas. Venue is proper pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), as Guadalupe County, Texas, is where all or a substantial part of the events or omissions occurred, including the attempted wrongful foreclosure described below. Venue is also proper as to all of the Defendants under Tex. Civ. Prac. & Rem. Code § 15.005, as the claims or actions against each of them arose out of the same transaction or occurrence, or series of transactions or occurrences.

### The Discovery Rule, Fraudulent Concealment, and Continuous Tort

14.     Plaintiffs plead the discovery rule specifically in response to, and as an affirmative defense to, any such pleas of statute of limitations as may be made. Plaintiffs allege and assert that they neither discovered, nor through reasonable diligence should have discovered, the claims or facts underlying their claims within any applicable limitations period, if any.

15.     In addition, Plaintiffs plead the affirmative defenses of fraudulent concealment and continuous tort to any such pleas of statute of limitations as may be made. Defendants' fraudulent concealment and continuous torts defer the accrual period, if any, of Plaintiffs' causes of action.

### IV.
### Statement of Facts

16.-  Ocwen is in the business of servicing mortgages and loans, which in general includes collecting mortgage and loan payments on behalf of mortgage and loan holders. In reality, however, Ocwen's intent is to wrongfully place mortgages and loans into default so that the properties which

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                    PAGE 5

secure those mortgages and loans can be wrongfully foreclosed. Ocwen's practices include paying financial incentives to its staff of loan collectors for moving properties with equity into foreclosure. Ocwen also fails to give borrowers credit for payments as and when they are made. Plaintiffs have been the victim of Ocwen's wrongful conduct.

17.     Plaintiffs' home at 10171 FM 466, Seguin, Guadalupe County, Texas 78155 (the "Property") was wrongfully foreclosed upon by Defendants without just, legal or equitable cause. Defendants' conduct with regard to the wrongful foreclosure of Plaintiffs' home was extreme and outrageous, and a violation of the following statutes and/or constitutes a basis for the following claims.

18.     Defendants Rosamunda Findeisen and Baxter & Schwartz, P.C., acted as Substitute Trustees in connection with the wrongful foreclosure of Plaintiffs' home and, in doing so, breached the independent duty of substitute trustees to act with complete impartiality with regard to a foreclosure.

19.     Deutsche Bank purchased Plaintiffs' home at the foreclosure sale for grossly less than its market value, thereby depriving Plaintiffs of the equity that they had built in their home. Upon information and belief, Deutsche Bank and Unknown Holders reaped the equity wrongfully taken from Plaintiffs.

### V.
### Causes of Action

#### A.     Wrongful Foreclosure and Declaratory Action

20.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 19.

21.     Defendants committed a wrongful foreclosure by virtue of one or more of the following wrongful acts:

---

**PLAINTIFFS' ORIGINAL PETITION AND**
**REQUEST FOR DISCLOSURE**                                                    PAGE 6

    (a)    failing to accept payments and pretending that a lack of payment was a default;

    (b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

    (c)    misapplying payments received;

    (d)    failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

    (e)    continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had been wrongfully prevented from curing the claimed defaults;

    (f)    continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

    (g)    demanding more than is actually due to avoid foreclosure.

22.    There is no legal or rightful basis for these acts of Defendants in connection with the wrongful foreclosure of Plaintiffs' home. In addition to actual and punitive damages, Plaintiffs seek a declaratory judgment that the foreclosure was wrongful, of no effect and void and that the property properly and legally lies with Plaintiffs.

### B.    Breach of Contract

23.    Plaintiffs re-allege each of the allegations of paragraphs 1 through 22.

24.    Defendants have committed a breach of contract by virtue of one or more of the following actions:

    (a)    failing to accept payments and pretending that a lack of payment was a default;

    (b)    failing to provide Plaintiffs timely and clear information about the timing and amount of payments owed;

    (c)    misapplying payments received;

   (d)     failing to comply with contractual and/or statutory notice provisions regarding foreclosure;

   (e)     continuing with efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had cured the claimed defaults, and/or been wrongfully prevented from curing the claimed defaults;

   (f)     continuing efforts to foreclose and evict Plaintiffs despite the fact that Plaintiffs had attempted to refinance and pay off the debt but had been prevented from refinancing and paying off the claimed debt; and

   (g)     demanding more than is actually due to avoid foreclosure.

25.    Plaintiffs seek actual damages, interest, and attorneys' fees caused by the breach of contract alleged herein.

### C.   Negligence and Gross Negligence

26.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 25.

27.    Ocwen owed a duty of care to Plaintiffs to adequately train and supervise its staff of loan collectors and servicing agents in the proper and legal servicing of mortgages, such as the mortgage owed by Plaintiffs. Ocwen breached its duty to Plaintiffs by (1) failing to adequately train and/or supervise its staff of loan collectors and servicing agents in the servicing of Plaintiffs' mortgage by allowing the wrongful foreclosure of Plaintiffs' home, and (2) providing financial incentives to those collectors and agents for moving properties, including Plaintiffs' home, into foreclosure.

28.    Ocwen's negligence has proximately caused harm to Plaintiffs' credit and actual damages for which Plaintiffs seek recovery.

29.    In addition, Ocwen's conduct and neglect was in such complete disregard for Plaintiffs' credit history and rights in their property as to amount to malice and gross negligence for which Plaintiffs seek to recover punitive damages.

---

**PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE**

### D. Intentional Infliction of Emotional Distress

30.     Plaintiffs re-allege each of the allegations in paragraphs 1 through 29.

31.     Ocwen's intentional and/or reckless actions reflect its sinister desire to confuse and, if necessary, intimidate Plaintiffs in an effort to cause the wrongful foreclosure of Plaintiffs' home, and for Plaintiffs ultimately to lose their home. Ocwen's actions have been and continue to be extreme and outrageous, with a complete disregard for Plaintiffs' rights, and have been carried out with the knowledge and sinister desire to sell Plaintiffs' home covertly through a wrongful and illegal foreclosure. Ocwen's actions have caused severe emotional distress to Plaintiffs, including embarrassment, fear, humiliation, and unnecessary and excessive worry.

### E. Unreasonable Debt Collection Practices Under Texas Common Law

32.     Plaintiffs re-allege the allegations of paragraphs 1 through 31.

33.     The actions of Ocwen in failing properly to account for Plaintiffs' payments, failing to verify the debt on the request of Plaintiffs, failing to honor the forbearance agreement, posting for foreclosure when Plaintiffs were trying to pay off the debt, preventing Plaintiffs from curing the claimed default, giving inconsistent accounting information on the amount of the debt, and generally failing to cooperate in allowing Plaintiffs to refinance or sell their home, and therefore pay off their mortgage loan, constitute unreasonable debt collection practices under the common law of the State of Texas. Further, Plaintiffs have suffered the emotional stress that naturally flows from a situation where a mortgage servicing company steps out of its role of servicing and tries to take a home wrongfully.

### F. Violations of the Texas Debt Collection Practices Act

34.     Plaintiffs re-allege the allegations of paragraphs 1 through 33.

35.     Ocwen is a debt collector for purposes of the Texas Debt Collection Practices Act

---

("TDCPA"). Its conduct violates the TDCPA. Its violation of the TDCPA entitles Plaintiff to actual damages and attorneys' fees under TDCPA §392.403.

### G. Breach of Fiduciary Duty

36.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 35.

37.    Ocwen, as a servicing agent, stands in a fiduciary capacity with respect to Plaintiffs' monthly payments and credits on Plaintiffs' mortgage, escrow account, loan, insurance premiums and other related obligations. Ocwen has breached this duty for the numerous reasons stated above. Ocwen's conduct has caused Plaintiffs' damages for which Plaintiffs seek to recover damages.

### H. Request for Declaratory Judgment

38.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 37.

39.    Plaintiffs request a declaration as to the true amount, if any, owed by Plaintiffs to Deutsche Bank, Ocwen, or any other party, in connection with any note or deed of trust executed by Plaintiffs for the purchase of their home, and a declaration as to the amount Deutsche Bank, Ocwen, or any other party should be required to reimburse, refund, or credit Plaintiffs for fees and expenses wrongfully charged to Plaintiffs' mortgage.

### I. Defamation

40.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 39.

41.    Ocwen published statements of alleged fact concerning Plaintiffs, which were defamatory and false. Ocwen published such defamatory and false statements with actual malice, negligence, or without regard to fault. Plaintiffs suffered pecuniary injury as a result.

### J. Punitive Damages

42.    Plaintiffs re-allege each of the allegations in paragraphs 1 through 41.

43.     The harm to Plaintiffs was the result of Defendants' conduct, which was fraudulent, malicious, intentional, or, at a minimum, grossly negligent. For this, as well as Defendants' extreme and outrageous conduct, and misconduct with respect to fiduciary property, Plaintiffs seek to recover punitive damages from Defendants in excess of any statutory limit. In support for exceeding any applicable limits, Plaintiffs will show that Defendants' acts constitute one or more felonies as set forth in Texas Civil Practice & Remedies Code § 41.008. All of these violations of the penal code were done knowingly and intentionally by Defendants to take advantage of Plaintiffs and enrich Defendants.

### K.   Attorneys' Fees

44.     Plaintiffs re-allege the allegations of paragraphs 1 through 43.

45.     Plaintiffs have been required to employ counsel to represent their interests as a direct result of Defendants' wrongful conduct. Plaintiffs employed the undersigned attorneys and Plaintiffs are obligated to pay, and seek the recovery of, the attorneys' reasonable fees for the services rendered on Plaintiffs' behalf. Plaintiffs have made demand on Defendants to cease this conduct, but to no avail.

### L.   Conditions Precedent

46.     Plaintiffs re-allege the allegations of paragraphs 1 through 45.

47.     All conditions precedent to recover on each of the causes of action alleged have occurred.

### M.   Demand for Jury Trial

48.     Plaintiffs hereby demand a jury trial and tender the requisite fee.

## VI.
### Request for Disclosure

49.     Defendants are requested to disclose within fifty (50) days of this request the

information or material described in Texas Rule of Civil Procedure 194.2(a) through (l). Pursuant to

Rule 194.3, Defendants are required to serve a written response upon the requesting party within fifty

(50) days after the service of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to

appear and answer, and further prays as follows:

1.     Judgment against Defendants, jointly and severally, for actual damages sustained by
       Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court;

2.     Judgment against Defendants, jointly and severally, for cancellation of the
       indebtedness described hereinabove;

3.     Judgment against Defendants, jointly and severally, for punitive damages in an
       amount to be determined by the trier of fact;

4.     A declaration as to the true amount, if any, owed by Plaintiffs to Deutsche Bank,
       Ocwen, or any other party or non-party in connection with any note or deed of trust
       executed by Plaintiffs for the purchase of the Property;

5.     Judgment for Plaintiffs to recover reasonable and necessary attorneys' fees for
       bringing this case to trial and judgment, as well as a conditional award in the event of
       an appeal;

6.     Judgment for both pre-judgment interest and post-judgment interest on all actual,
       special, and punitive damages and attorneys fees at the maximum interest rate
       allowed by law;

7.  Judgment for costs of Court; and

8.  Judgment for such other and further relief to which Plaintiffs may be otherwise

    entitled.

Respectfully submitted,

**PIPKIN, OLIVER & BRADLEY, L.L.P.**

By: _____
William H. Oliver
State Bar No. 15265200
1020 Northeast Loop 410, Suite 810
San Antonio, Texas 78209
(210) 820-0082
(210) 820-0077 (facsimile)

**ELLIS, CARSTARPHEN, DOUGHERTY &**
**GOLDENTHAL P.C.**
Edward M. Carstarphen
State Bar No. 03906700
5847 San Felipe, Suite 1900
Houston, Texas 77057
(713) 647-6800
(713) 647-6884 (facsimile)

**HILLIARD & MUNOZ, L.L.P.**
Robert C. Hilliard
State Bar No. 09677700
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, TX 78401
(361) 882-1612
(361) 882-3015 (facsimile)

**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT B-2

CAUSE NO. 07-1602-CV

| | | |
|---|---|---|
| JAMES HALLMARK and | § | IN THE DISTRICT COURT |
| JUDY HALLMARK, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 25th JUDICIAL DISTRICT |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| et al., | § | |
|     Defendants. | § | GUADALUPE COUNTY, TEXAS |

## SPECIAL EXCEPTIONS AND ORIGINAL ANSWER
## OF DEFENDANTS OCWEN LOAN SERVICING, LLC AND
## DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE

For their answer to Plaintiffs' Original Petition and Request for Disclosure ("Petition"), Defendants Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB[1] ("Ocwen") and Deutsche Bank National Trust Company, f/k/a Bankers Trust Company, as Trustee for the Registered Holders of the Residential Mortgage Loan Trust 98-1 Certificates ("Deutsche Bank") state as follows:

## I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure 90 and 91, Ocwen and Deutsche Bank specially except to the following allegations contained in Plaintiffs' Petition:

1.    Ocwen and Deutsche Bank specially except to Plaintiffs' Petition because Plaintiffs failed to plead the maximum amount of damages claimed. The Court "shall require the pleader to amend so as to specify the maximum amount claimed" upon exception. TEX. R. CIV. P. 47.

2.    Ocwen and Deutsche Bank specially except to Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims

because Plaintiffs have not pleaded damages that are separate and apart from breach of contract damages. "When the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). There are no circumstances that could give rise to claims for negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty because Plaintiffs' remedies and the duties of the parties arise from and are governed by contract, and thus Plaintiffs' negligence and gross negligence, intentional infliction of emotional distress and breach of fiduciary duty claims cannot succeed and fail as a matter of law.

3.      Ocwen and Deutsche Bank specially except to Plaintiffs' intentional infliction of emotional distress claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. In order to recover under a claim for intentional infliction of emotional distress, a plaintiff must show that (1) the defendant acted intentionally or recklessly; (2) the emotional distress suffered by the plaintiff was severe; (3) the defendant's conduct was extreme and outrageous; (4) the defendant's conduct proximately caused the plaintiff's emotional distress; and (5) there is no alternative cause of action that would provide a remedy for the severe emotional distress caused by the defendant. *See Hoffman-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 445 (Tex. 2004); *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex. 2003). Not only have Plaintiffs failed to allege these elements, they have failed to set forth any supporting facts. For example, Plaintiffs do not allege that no other cause of action provides a possible remedy for their alleged emotional distress. In fact, Plaintiffs seek recovery for their alleged "mental anguish" and "emotional stress" via their unreasonable debt collection practices TDCPA claims as well. Plaintiffs have failed to plead all elements necessary to support an

[1] Incorrectly named Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB. Ocwen Loan Servicing, LLC, successor in interest to Ocwen Federal Bank FSB, is appearing herein and will answer and

intentional infliction of emotional distress claim. Without this elemental and factual information, Ocwen and Deutsche Bank do not have sufficient notice of the claims raised against them in order to prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their intentional infliction of emotional distress claim should be stricken. Further, there are no circumstances that could give rise to a claim for intentional infliction of emotional distress because, among other things, Plaintiffs have alternative causes of action that provide a basis of recovery for their alleged emotional stress, and thus Plaintiffs' claim for intentional infliction of emotional distress cannot succeed and fails as a matter of law.

4.     Ocwen and Deutsche Bank specially except to Plaintiffs' breach of fiduciary duty claim because there is no special relationship or any other facts - pleaded or otherwise - that would support the imposition of a fiduciary duty on Ocwen and/or Deutsche Bank There are no circumstances that could give rise to a claim for breach of fiduciary duty, and thus Plaintiffs' claim for breach of fiduciary duty cannot succeed and fails as a matter of law.

5.     Ocwen and Deutsche Bank specially except to Plaintiffs' wrongful foreclosure claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. A claim for wrongful foreclosure requires that a foreclosure actually occurred. *See Wieler v. United Sav. Assn of Texas,* 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied). Wrongful foreclosure requires that a plaintiff prove that irregularities in the foreclosure sale caused the property to be sold for a grossly inadequate price. *American Sav. & Loan Ass'n of Houston v. Musick,* 531 S.W.2d 581, 587 (Tex. 1976); *Weiler,* 887 S.W.2d at 158. Plaintiffs did not allege these elements. Without this elemental and factual information, Ocwen and Deutsche Bank do not have sufficient notice of the claims raised against them in order to

defend all claims against Ocwen Loan Servicing, LLC, as successor by merger with Ocwen Federal Bank, FSB.

prepare a proper defense. Therefore, Plaintiffs should be required to replead, and, in the event that they fail to adequately do so, their wrongful foreclosure claim should be stricken.

6.     Ocwen and Deutsche Bank specially except to Plaintiffs' unreasonable debt collections practices under Texas common law claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. *Woodrum v. Bradley*, 1990 Tex. App. LEXIS 2497, *10 (Tex. Civ. App. – Houston, Oct. 11, 1990, writ denied) ("Unreasonable collection efforts are defined as efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.") Accordingly, their claim for common law unreasonable debt collections practices should be stricken.

7.     Ocwen and Deutsche Bank specially except to Plaintiffs' Texas Debt Collection Practices Act, TEX. FIN. CODE §§ 392.001, *et seq.* ("TDCPA"), claim because Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. Ocwen and Deutsche Bank also specially except to Plaintiffs' TDCPA claim because Ocwen and Deutsche Bank are not "debt collectors" under the TDCPA. There are no circumstances that could give rise to a claim under the TDCPA, and thus Plaintiffs' TDCPA claim cannot succeed and fails as a matter of law.

8.     Ocwen and Deutsche Bank specially except to Plaintiffs' defamation claim because Plaintiffs fail to state a cause of action upon which relief may be granted. Plaintiffs have failed to plead with sufficiency the facts and elements necessary to support such a claim. "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a

private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Accordingly, their claim for defamation should be struck.

## II.  GENERAL DENIAL

Subject to and without waiving the above Special Exceptions and pursuant to Rule 92 of the Texas Rules of Civil Procedure, Ocwen and Deutsche Bank generally deny each and every allegation contained in the Petition and demand strict proof thereof.

## II.  AFFIRMATIVE DEFENSES

In addition, Ocwen and Deutsche Bank plead the following affirmative defenses:

1.  Plaintiffs' claims are barred because one or more of the material obligations of the notes and security instruments have not been satisfied.

2.  Plaintiffs' claims are barred because they lack standing.

3.  Plaintiffs' claims are barred by the equitable doctrine of waiver.

4.  Plaintiffs' claims are barred by the waiver provisions contained in the security instruments at issue in this lawsuit.

5.  Plaintiffs' claims are barred by the doctrine of *de minimus non curat lex.*

6.  Plaintiffs' claims are barred by the doctrines of unclean hands and *in pari delicto.*

7.  Plaintiffs' claims are barred by the doctrine of unjust enrichment.

8.  Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

9.  Plaintiffs' claims are barred by the election of rights doctrine.

10.  Plaintiffs' claims are barred by the applicable statute of limitations.

11.  Any allegedly wrongful acts or omissions of Ocwen and/or Deutsche Bank, if and to the extent such acts and omissions occurred, were legally excused or justified.

12.  Plaintiffs' claims are barred by the "one satisfaction" doctrine.

13.     Plaintiffs' claims are barred to the extent that they were contributorily and/or comparatively at fault for their damages. Among other things, Plaintiffs' own acts or omissions caused and/or contributed to their alleged damages.

14.     Plaintiffs have failed to mitigate or minimize their damages.

15.     Plaintiffs' claim for intentional infliction of emotional distress is barred because an alternative cause of action exists that would provide a remedy for Plaintiffs' alleged emotional distress.

16.     Plaintiffs' prayer for "cancellation of the indebtedness" at issue is barred by the United States and Texas Constitutions, including without limitation the Due Process Clause and the prohibitions on cruel and unusual punishments and excessive fines set forth in those Constitutions.

1'7.     Ocwen and Deutsche Bank claim all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

18.     Ocwen and Deutsche Bank deny that all conditions precedent to a right of recovery have been satisfied.

19.     Plaintiffs are not entitled to punitive damages, and any and all excessive amounts of punitive damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the Constitution of the United States of America, all of which set limits on punitive damages.

20.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

21.     The Home Owners Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.,* and its implementing rules and regulations (e.g., 12 C.F.R. § 560.2) preempts Plaintiffs' claims in whole or in part.  In particular, same preempts:

a.      the application of state laws to loan-related fees, including, without limitation, initial charges, late charges, pre-payment penalties, servicing fees and over-limit fees;

b.      processing, originating, servicing, sale or purchase of, or investment or participation in, mortgages;

c.      terms of credit; and

d.      state laws whose effect on the lending operations of Ocwen Federal Bank FSB were more than incidental.

## III.     PRAYER

Defendants Ocwen and Deutsche Bank pray that (1) this Court deny each and every claim, cause of action and request for damages asserted against them; (2) they be dismissed from this action and that they recover their attorneys' fees and costs of court; and (3) they be granted any other legal or equitable relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett w/ perm. by LLS*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2151
(214) 672-2351 (Fax)

    **LINDSAY L. STANSBERRY**
    Texas Bar No. 24041968

**COWLES & THOMPSON, P.C.**
1202 First Place
Tyler, TX 75702
(903) 596-9000
(903) 596-9005 (Fax)

ATTORNEYS FOR DEFENDANTS
OCWEN LOAN SERVICING, LLC,
SUCCESSOR IN INTEREST TO OCWEN
FEDERAL BANK FSB AND DEUTSCHE
BANK NATIONAL TRUST COMPANY, AS
TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of October 2007 a true and correct copy of the foregoing document was delivered via Certified Mail to the counsel of record listed below.

*/s/ Lindsay L. Stansberry*
**LINDSAY L. STANSBERRY**

William H. Oliver, Esq.
PIPKIN, OLIVER & BRADLEY, L.L.P.
1020 Northeast Loop 410, Suite 810
San Antonio, TX   78209

Edward M. Carstarphen, Esq.
Kori L. Westbrook, Esq.
ELLIS, CARSTARPHEN, DOUGHERTY & GOLDENTHAL, P.C.
5847 San Felipe, Suite 1900
Houston, TX   77057

Robert C. Hilliard, Esq.
HILLIARD & MUNOZ, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX   78401

# EXHIBIT B-3

NO. 07-1802-CV

| | | |
|---|---|---|
| JAMES HALLMARK and<br>JUDY HALLMARK,<br>     **Plaintiffs** | § | **IN THE DISTRICT COURT** |
| | | |
| **V.** | § | **OF GUADALUPE COUNTY, TEXAS** |
| | | |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>DEUTSCHE NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR THE<br>REGISTERED HOLDERS OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>ROSAMUNDA FINDEISEN,<br>SUBSTITUTE TRUSTEE, AND<br>BAXTER & SCHWARTZ, P.C.,<br>     **Defendants** | § | **25TH JUDICIAL DISTRICT** |

## DEFENDANTS ROSAMUNDA FINDEISEN , CHRISTOPHER K. BAXTER. AND BAXTER & SCHWARTZ, P.C.'s SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    ROSAMUNDA FINDEISEN, CHRISTOPHER K. BAXTER and BAXTER & SCHWARTZ, P.C., Defendants, file this Original Answer to Plaintiff's Original Petition and by way of answer show:

### Special Exceptions

    1.  Defendants especially except to paragraph 10 of Plaintiff's Original Petition because Plaintiff has not given fair notice to the Defendants as to how the Defendants committed a wrongful foreclosure, and did not state a specific time period as to when the so called alleged breach occurred.

2. Defendants further except to paragraphs 20, 21, 22, 23, 24, 39, and 43 for the reason that said pleadings refer only to Defendants and not any one specific Defendant, therefore Defendants are not given fair notice as to what conduct they allegedly committed, therefore cannot properly prepare an adequate response.

### Statute of Limitations

3. Defendants further plead the two and four year Statutes of Limitation as contained in Chapter 16 of Civil Practice and Remedies Code.

### Verified Denial

4. Defendants are not liable in the capacity of which they are sued. Pursuant to 51.007 of the Texas Property Code, Defendants assert that they are not a necessary party and that it is Defendants' belief that it was named as a party solely in its capacity as a Trustee under a Deed of Trust.

### General Denial

5. Defendants generally deny the allegations in Plaintiff's Original Petition and Request for Disclosure and demand strict proof thereof, as required by the Texas Rules of Civil Procedure.

### Affirmative Defenses

6. Defendants make the following affirmative defenses with respect to the allegations of Plaintiff's Original Petition because claims pursuant to Rule 94 of the Texas Rules of Civil Procedure:

    a. Mistake of Fact;

    b. Estoppel;

    c. Two and four year Statutes of Limitation; and

    d. Waiver.

### Reservation of Rights

7. Defendants reserve the right to further plead any and all defenses, affirmative or otherwise; and all other counterclaims to which Defendants may be entitled by this pleading or any amendment to this pleading.

2

**Attorney's Fees**

8.   It was necessary for Defendants to obtain the services of SCHWARTZ &
KALINOWSKI, L.L.P., a licensed attorney, to prepare and defend this suit.  Judgment
for attorney's fees and expenses through final judgment after appeal should be granted
against Plaintiff and in favor of Defendants' attorney; or, in the alternative, Defendants
request that reasonable attorney's fees and expenses through final judgment and
appeal be taxed as costs and be ordered paid directly to Defendants' attorney, who
may enforce the order for fees in the attorney's own name.

**Request for Disclosure**

9.   Plaintiff is requested to disclose within thirty (30) days of this request the
information or material described in Texas Rules of Civil Procedure 194.2(a) through (i).

**Prayer**

10.   For these reasons, Defendants ask the Court to sustain Defendants'
Special Exceptions and Defendants further ask the Court to enter judgment that Plaintiff
take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and
award Defendants attorney's fees, expenses and costs, and for all other relief to which
it is entitled.

Respectfully submitted,

SCHWARTZ & KALINOWSKI, L.L.P.
1821 Mons Avenue
Rosenberg, Texas  77471
PHONE: (281) 342-2866
FAX: (281) 342-2867

BY: _____
DON T. SCHWARTZ
State Bar No.: 17862000

Attorney for Defendants, ROSAMUNDA
FINDEISEN, CHRISTOPHER K.
BAXTER and BAXTER & SCHWARTZ,
P.C.

3

## CERTIFICATE OF SERVICE

I certify that on _October 18_, 2007, in accordance with the provisions
of Rule 21a, Texas Rules of Civil Procedure, I did serve a true copy of the foregoing
instrument upon all attorneys of record in this cause.

Don T. Schwartz

4

NO. 07-1802-CV

| | | |
|---|---|---|
| JAMES HALLMARK and<br>JUDY HALLMARK,<br>   **Plaintiffs** | § | IN THE DISTRICT COURT |
| **V.** | § | OF GUADALUPE COUNTY,<br>TEXAS |
| OCWEN LOAN SERVICING, LLC, AS<br>SUCCESSOR BY MERGER WITH<br>OCWEN FEDERAL BANK, FSB,<br>DEUTSCHE NATIONAL TRUST<br>COMPANY, AS TRUSTEE FOR THE<br>REGISTERED HOLDERS OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>UNKNOWN HOLDERS AND/OR<br>OWNERS OF RESIDUAL INTEREST<br>IN SECURITIZATION OF THE<br>RESIDENTIAL MORTGAGE LOAN<br>TRUST 98-1 CERTIFICATES,<br>ROSAMUNDA FINDEISEN,<br>SUBSTITUTE TRUSTEE, AND<br>BAXTER & SCHWARTZ, P.C.,<br>   **Defendants** | § | 25TH JUDICIAL DISTRICT |

**AFFIDAVIT**

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF FORT BEND | § |

  **BEFORE ME,** the undersigned Notary Public, on this day personally appeared KIRK A. SCHWARTZ, who being by me duly sworn, deposed as follows:

  "My name is KIRK A. SCHWARTZ and I am a licensed attorney in the State of Texas and am in good standing with the State Bar of Texas. I am of sound mind, lawful age and have never been convicted of a felony or a crime of moral turpitude, am capable of making of this Affidavit and am personally acquainted with the facts herein stated:

1.  "I am the Vice-President of BAXTER & SCHWARTZ, P.C., and as Vice-President, I have day to day knowledge of the operations of said professional corporation.

2.  "The factual matters contained in Defendants' Special Exceptions and Original Answer are true and correct."

EXECUTED this the _16_ day of ___October___, 2007.



KIRK A. SCHWARTZ

SWORN TO and SUBSCRIBED before me, the undersigned authority, on this the _16_ day of ___October___, 2007, by KIRK A. SCHWARTZ.

**JUDY F. JANECKA**
Notary Public, State of Texas
My Commission Expires 11-23-2008

NOTARY PUBLIC, STATE OF TEXAS